**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STEVEN KURELKO,**<br><br>Plaintiff,<br><br>v.<br><br>**THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,** *et al.***,**<br><br>Defendants. | Civil Action No. 25-2041 (ZNQ) (JBD)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon Defendant the Attorney General of the State of New Jersey's ("Defendant") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). ("Motion", ECF No. 33.) Defendant filed a moving brief in support. ("Moving Br.", ECF No. 33-1.) *Pro se* Plaintiff Steven Kurelko ("Plaintiff") filed a brief in opposition ("Opp'n Br.", ECF No. 35) and Defendant filed a brief in reply ("Reply Br.", ECF No. 39).[1] Additionally pending before the Court are Plaintiff's Motions for a Preliminary Injunction (ECF No. 27) and for a Temporary Restraining Order (ECF No. 42).

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, Defendant's Motion is **GRANTED**. Plaintiff's Motions for a Preliminary

---

[1] Plaintiff filed what the Court construes as three sur-replies (ECF No. 40, 41, and 43) without leave of Court in violation of Local Civil Rule 7.1(d)(6). Due to Plaintiff's *pro se* status, however, the Court considers them. *See e.g., Manz v. Walmart Supercenter Secaucus #3250*, Civ. No. 24-9676, 2025 WL 2169974, at *2 n. 6 (D.N.J. July 31, 2025) (exercising its discretion to consider *pro se* plaintiff's sur-replies filed without leave of court).

1

Injunction and for a Temporary Restraining Order will be **DENIED AS MOOT** based on the resolution of Defendant's Motion.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

This matter arises out of a pending New Jersey state court action in which Plaintiff is a named defendant. (Amended Complaint, "Am. Compl", ¶30, ECF No. 5.). In the state court action, Sally Reaves and Lucious Jones ("Reaves" and "Jones") filed an eight-count complaint in the Superior Court, Somerset County, Docket No. SOM-L-206-22, against Plaintiff and Cassio Builders, LLC ("Cassio"), a construction company in which Plaintiff is the sole member, alleging, among other things, breach of contract, negligence, and fraud in violation of the New Jersey Consumer Fraud Act ("NJCFA"). (ECF No. 1-16, Ex. 7.) The allegations relate to a demolition Cassio started to conduct on Reaves and Jones' property but never finished. (*Id.*) Following some motion practice, the state court set a trial date for July 22, 2024, but the date has been continuously adjourned. Trial is now scheduled for September 15, 2025. (*See* ECF No. 42 at 3.)

Plaintiff filed a Complaint in this Court on March 24, 2025 (ECF No. 1), followed by a seven-count Amended Complaint on March 31, 2025 (ECF No. 5), against Defendant, Reaves, and Jones.[2] In the Amended Complaint, Plaintiff alleges that the enforcement of the NJCFA against him violates due process and equal protection, and he seeks a declaratory judgment under 28 U.S.C. § 2201 that the NJCFA is unconstitutional as applied to him, and injunctive relief to prevent the NJCFA's ongoing enforcement against him.[3] (Am. Compl. ¶¶219–220.) Plaintiff also seeks an order directing Defendant "to suspend or refrain from supporting further [NJ]CFA

---

[2] On May 28, 2025, the Honorable J. Brendan Day, U.S.M.J. stayed the deadline for Reaves and Jones to respond to the Amended Complaint until further order of the Court. (ECF No. 20.) As a result, Reaves and Jones have not yet responded to the Amendment Complaint or otherwise joined in Defendant's Motion.

[3] Plaintiff seeks an injunction preventing further enforcement of the NJCFA against him, "unless and until," (1) the NJCFA is "interpreted and applied in a manner consistent with fair notice, equal protection, and due process," (2) "statutory exemptions and corporate liability protections are judicially recognized and enforced" and (3) "the scope of [the] prohibited conduct is defined by law rather than deferred to post hoc jury fact-finding." (Am. Compl. at 64.)

enforcement actions against Plaintiff under the constitutional deficiencies and interpretive enforcement framework challenged herein." [4]  (*Id.* at 64.)

On June 2, 2025, Plaintiff filed a Motion for a Preliminary Injunction ("PI Motion", ECF No. 27), and a corresponding brief in support, seeking an order from this Court enjoining the state court proceeding due to alleged unresolved motions.[5]  (ECF No. 27-1).  On June 19, 2025, Defendant filed a letter with the Court indicating that it did not intend to oppose the PI Motion (ECF No. 32), and on July 7, 2025, Defendant filed the instant Motion.  (ECF No. 33.)  Defendant argues that the Court should abstain from exercising jurisdiction and dismiss the Amended Complaint accordingly.  (Moving Br. at 11.)  Defendant argues in the alternative that Plaintiff lacks Article III standing.  (Moving Br. at 36.)  Finally, on July 29, 2025, Plaintiff filed a Motion for a Temporary Restraining Order ("TRO").  ("TRO Motion", ECF No. 42.)

## II.   SUBJECT MATTER JURISDICTION

Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

Defendant moves to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6).[6]  A district court may grant a motion to dismiss under Rule 12(b)(6) for failure to state a

---

[4] It is unclear from the Amended Complaint what claims are made against Reaves and Jones.  The Amended Complaint contains only the following allegation as to Reaves and Jones: "They are named in this action not for purposes of damages, but because their private enforcement of the [NJ]CFA–-under color of state law and using a state-created cause of action with automatic statutory penalties—is fairly attributable to the State under *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982)).

[5] Plaintiff specifically requested that the Court issue a "narrowly tailored preliminary injunction," enjoining Reaves and Jones "from taking any action to initiate, continue, or enforce trial proceedings . . . while Plaintiff's preserved legal objections remain unadjudicated."  (PI Motion at 44–45.)

[6] A motion to dismiss for want of standing, however, is "properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter."  *In re Plum Baby Food Litig.*, 637 F. Supp. 3d 210, 221 (3d Cir. 2022) (quoting *Ballentin v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)).  "The standard for reviewing a complaint on its face — a facial attack — under Rule 12(b)(1) essentially applies the same standard under Rule 12(b)(6)."  Additionally, "courts may dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding."  *In re Samsung Data Sec. Breach Litig.*, 761 F. Supp. 3d 781, 790 (D.N.J. 2025).

claim upon which relief can be granted.  When considering a motion under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Thus, to survive a motion to dismiss, the complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 210 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).  The court may, however, ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  The "defendant bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

"[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'"  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## IV. <u>DISCUSSION</u>

Defendant argues that the Court should abstain from exercising jurisdiction in this matter and in the alternative, that Plaintiff lacks Article III standing. (Moving Br. at 11, 36.)  The Court will first address standing because it poses the "antecedent question" of whether the Court has

4

Article III jurisdiction. *See Nat'l Shooting Sports Found. v. Platkin*, Civ. No. 22-6646, 2025 WL 1904415, at *4 (D.N.J. July 10, 2025) (citing cases).

### A. STANDING

Article III of the Constitution limits a federal court's jurisdiction to "cases" and "controversies," which exist only where actions "present live disputes" such that "both sides have a personal stake." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020). "Subsumed within this restriction is the requirement that a litigant have standing to challenge the action sought to be adjudicated in the lawsuit." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). "To establish Article III standing, a plaintiff must demonstrate (1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016) (internal quotation marks omitted).

In order "[t]o establish [an] injury-in-fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (internal quotations omitted). Defendant argues that Plaintiff's only injury is that he "remains an individually named defendant in active [NJ]CFA litigation, where he is exposed to mandatory statutory penalties," and merely needing to remain a party to a lawsuit is not an injury-in-fact sufficient to confer standing. (Moving Br. at 38.) Defendant further contends that Plaintiff's issue with the state trial court's actions and inactions, such as not ruling on Plaintiff's exemption argument, is an uncertain and hypothesized injury because the state court matter remains active, the claims are pending, and no final ruling on the NJCFA claim or Plaintiff's defenses has been made. (*Id.* at 37.) Plaintiff argues in opposition that the state trial court's rulings have exposed him to "constitutional harm." (Opp'n Br. at 23.) Plaintiff posits that the trial court's decision to

allow the NJCFA claim against him to proceed without addressing Plaintiff's challenge to the enforcement of the NJCFA on statutory and constitutional grounds resulted in a denial of fair notice and due process.  (*Id.* at 19.)

For the reasons that follow, the Court finds that Plaintiff's alleged injuries, procedural due process and equal protection violations, are not causally connected and traceable to Defendant.  *See Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F.3d 406, 418 (3d Cir. 2016).  The causation element of standing requires that "the alleged in jury-in-fact is causally connected and traceable to an action of the defendant."  *Id.*  Such "traceability requires, *at a minimum*, that the defendant's purported misconduct was a 'but for' cause of the plaintiff's injury."  *Finkleman v. Nat'l Football League*, 810 F.3d 187, 198 (3d Cir. 2016).  The key question is whether "the defendant's challenged actions, and not the actions of some third party, caused the plaintiff's injury."  *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. at 560).

Here, Plaintiff fails to plead a causal connection between the alleged constitutional injuries and Defendant's conduct.  Firstly, and most importantly, the Amended Complaint contains no allegations against Defendant.  The only allegation against Defendant is in Plaintiff's requested relief in which he seeks an order directing Defendant "to suspend or refrain from supporting further CFA enforcement actions against Plaintiff under the constitutional deficiencies and interpretive enforcement framework challenged herein."  (Am. Compl. at 64.)  This claim, however, is not an allegation as to Defendant's conduct and, even if it were, it does not support a plausible claim.  Furthermore, a thorough review of the Amended Complaint makes clear that the state court matter was initiated by two private individuals exercising their rights under the NJCFA to bring private enforcement actions, of which Defendant has no role in.

Rather than allege any specific conduct that is "fairly traceable" to Defendant, Plaintiff pleads allegations that relate exclusively to the conduct of the state trial court and Plaintiff's alleged injuries similarly flow only from the actions and inactions of the state trial court judge. Plaintiff does not allege, nor could he, that Defendant is responsible for Plaintiff's alleged constitutional injuries arising out of state trial court rulings and other decisions made in that matter. It is therefore clear that Plaintiff has not, and cannot, allege an injury traceable to Defendant.

Even if Plaintiff's allegations of procedural due process and equal protection violations were properly pled, the Court cannot grant Plaintiff's requested relief to enjoin the state court proceeding "until the [NJ]CFA is interpreted and applied in a manner consistent with fair notice, equal protection, and due process" or "statutory exemptions" are "judicially recognized and enforced" because "federal courts generally lack jurisdiction to compel action by a state court." *In re Cannon*, 740 F. App'x 19, 20 (3d Cir. 2018); (Am. Compl. at 64.). "[F]ederal courts should not enter orders 'aimed at controlling or preventing the occurrence of specific events that might take place in the course of future' state court proceedings." *Family Civil Liberties Union v. State of N.J.*, 386 F. Supp. 3d 411, 442 (D.N.J. 2019) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)). District courts would risk "interruption of state proceedings to adjudicate assertions of noncompliance" with any such order and spur an impermissible "ongoing federal audit" of the state proceedings. *Id.* (quoting *O'Shea*, 414 U.S. at 501).

Finally, to the extent that Plaintiff alleges that a state court judge failed to comply with all constitutional requirements, "the state court system offers a full opportunity for a dissatisfied litigant to resort to the state appellate courts." *Id.* In other words, "a federal district court is not to appoint itself a *de facto* court of appeal to correct errors in state court proceedings." *Id.*

Accordingly, the Court finds that Plaintiff has not satisfied the causation element of Article III standing and the Court thus lacks subject matter jurisdiction over Plaintiff's claims.

**B.    ABSTENTION**

Even if the Court had jurisdiction over the instant action, it would nevertheless abstain. Plaintiff seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), which provides that federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not the relief is or could be sought." "Granting a declaratory judgment is therefore discretionary and a court may abstain from entertaining an action seeking only declaratory relief." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 (3d Cir. 2017).

Defendant argues that abstention is proper under the *Brillhart-Wilton* doctrine.[7] *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). Plaintiff argues that abstention is improper where "a state court refuses to adjudicate constitutional questions, defers them to other courts, or eliminates a party's access to meaningful adjudication." (Opp'n Br. at 8.)

According to the *Brillhart-Wilton* doctrine, "when a federal suit is brought under the . . . Declaratory Judgment[] Act . . . presenting only questions of local laws, the court is under no compulsion to exercise jurisdiction if a parallel state court proceeding would address the matters in controversy between the parties." *Marshall v. Lauriault*, 372 F.3d 175, 183 (3d Cir. 2004). As a result, "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment." *Wilton*, 515 U.S. at 288.

---

[7] Defendant also argues that abstention is appropriate under the *Colorado River* and *Burford* doctrines. (Moving Br. at 25–36.) *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *New Orleans Pub. Serv., Inc. v. Council of the Cty. Of New Orleans*, 491 U.S. 350, 361 (1989). Because the Court finds that the *Brillhart-Wilton* doctrine would apply, the Court does not need to address Defendant's other arguments.

When deciding whether to hear declaratory judgment actions under the doctrine, the Court should consider, first, whether there is a parallel state proceeding. *Kelly*, 868 F.3d at 282. "[T]he absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise. . . . Inversely, the existence of a parallel state proceeding 'militates significantly in favor of declining jurisdiction.'" *Id.* (quoting *Reifer v, Westport Ins. Grp.*, 751 F.3d 129, 144-45 (3d Cir. 2014)). To the extent relevant, courts should give the following additional factors meaningful consideration:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation; [and]
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata.

*Id.* at 282–83.[8]

---

[8] Additionally, when a complaint contains both declaratory and non-declaratory claims, the Court must determine whether the legal claims are independent of the declaratory claims. *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017). "Non-declaratory claims are 'independent' of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief." *Id.* at 228 (citations omitted). Defendant argues that the Amended Complaint does not contain any claims that are independent of the declaratory judgment claim. (Moving Br. at 12.) That is, Defendant argues that Plaintiff's claim for injunctive relief is "inextricable and not independent from the request for declaratory relief" because Plaintiff's "request for injunctive relief flows from the declaratory judgment he seeks such that the former is inapt without the latter." (*Id.* at 12–13.) The Court agrees with Defendant that Plaintiff's legal, non-declaratory claims are dependent on his declaratory judgment claim. Plaintiff's requested relief for each count in the Amended Complaint is a declaration that the NJCFA is unconstitutional as applied. In this way, the Court cannot adjudicate Plaintiff's legal claims without first declaring the NJCFA unconstitutional as applied to Plaintiff. Therefore, the Court finds that the claims cannot be adjudicated separately.

Here, the factors weigh in favor of abstention under the *Brillhart-Wilton* doctrine. Importantly, there is an ongoing state court proceeding and the issues Plaintiff presents in the Amended Complaint were also raised in the state court action. Further, a declaratory judgment from this Court would not resolve the ongoing state court proceeding as the NJCFA claim is just one of the many claims against Plaintiff. Relatedly, the state court proceeding is ongoing, and a federal action would merely be duplicative and a waste of judicial, as well as the parties' resources. Accordingly, this Court would decline to exercise jurisdiction over this matter under *Brillhart-Wilton* even if Plaintiff had demonstrated Article III standing (which he has failed to do).

## V.   CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant's Motion, and Plaintiff's Motions for a Preliminary Injunction and for a Temporary Restraining Order will be **DENIED AS MOOT** based on the resolution of Defendant's Motion.

When dismissing a claim, a court must grant leave to amend "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). However, because Plaintiff's pleading does not include any allegations suggesting that he could establish subject matter jurisdiction, the Court finds that any amendment of Plaintiff's claims would be futile. *See Roberts v. Mayor & Burgesses of London Borough of Brent*, 70 F. App'x 615, 619 (3d Cir. 2003) ("[W]here the absence of subject matter jurisdiction is apparent from the face of a complaint, any amendment would be futile, and hence dismissal without leave to amend is proper."); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1414 (3d Cir. 1997) (finding that "futility" may "justify a denial of leave to amend").

Accordingly, the Court will dismiss the Amended Complaint without prejudice and without further leave to amend.  An appropriate Order will follow.

Date: August 6, 2025

s/ Zahid N. Quraishi<br>
**ZAHID N. QURAISHI**<br>
**UNITED STATES DISTRICT JUDGE**